UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CODY A. MADONIA,

                              Plaintiff,                      6:21-cv-00069 (BKS/TWD)

v.

DONALD MOORE, individually and in his capacity as an investigator for the New York State Police Department,

                              Defendant.
_____

**Appearances:**

*For Plaintiff:*
R. Anthony Rupp, III
Chad A. Davenport
Rupp Baase Pfalzgraf Cunningham LLC
424 Main Street
1600 Liberty Bldg.
Buffalo, NY 14202

*For Defendant:*
Letitia James
Attorney General of the State of New York
Kasey K. Hildonen
Assistant Attorney General, of Counsel
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, United States District Judge:**

### ORDER ON DEFENDANT'S MOTION TO DISMISS

      For the reasons discussed at the February 24, 2022 telephone conference, it is hereby

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 22) is **GRANTED** in part and

**DENIED** in part, as follows:

Defendant's motion to dismiss the false arrest and false imprisonment claims (the first and second claims) as to the January 2018 arrest is **GRANTED** and those claims are **DISMISSED with prejudice** because Plaintiff's guilty plea to Disorderly Conduct, in violation of New York Penal Law § 240.20(7), arising out of that arrest is sufficient evidence of probable cause to defeat his claims for false arrest and false imprisonment;

Defendant's motion to dismiss the malicious prosecution claim (the third claim) as to the January 2018 arrest is **GRANTED** and that claim is **DISMISSED with prejudice** because, in light of Plaintiff's guilty plea to Disorderly Conduct, in violation of New York Penal Law § 240.20(7), he cannot plausibly allege that the "criminal proceeding ended in a manner that affirmatively indicates his innocence." *Lanning v. City of Glens Falls*, 908 F.3d 19, 22 (2d Cir. 2018);

Defendant's motion to dismiss the due process claim (the fourth claim) is **GRANTED** and that claim is **DISMISSED with prejudice** because Plaintiff has failed to plausibly allege "a material state-imposed burden or state-imposed alteration of the plaintiff's status or rights," necessary for a "stigma plus" due process claim. *Sadallah v City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004);

Defendant's motion to dismiss the false arrest, false imprisonment and malicious prosecution claims regarding Defendant's March 29, 2018 arrest of the Plaintiff is **GRANTED** because Plaintiff agrees that "those claims are premature prior to a resolution of the criminal charges that are still pending," Dkt. No. 25 at 3, and those claims are **DISMISSED without prejudice**;

Defendant's motion to dismiss the 42 U.S.C. § 1983 claims against the Defendant in his official capacity is **GRANTED** and the claims against the Defendant in his official capacity are **DISMISSED without prejudice** for lack of subject matter jurisdiction; and

Defendant's motion to dismiss is otherwise **DENIED;**

The following claims therefore survive Defendant's motion to dismiss: Plaintiff's conspiracy claim (fifth claim), abuse of process claim (sixth claim) and unreasonable search claim (seventh claim).

**IT IS SO ORDERED.**

Dated: February 24, 2022
Syracuse, New York

Brenda K. Sannes
U.S. District Judge