UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CODY A. MADONIA,

                                Plaintiff,                    6:21-cv-00069 (BKS/TWD)

v.

DONALD MOORE, individually and in his capacity as an
investigator for the New York State Police Department,

                                Defendant.
_____

**Appearances:**

*Plaintiff pro se:*
Cody A. Madonia
Boonville, NY

*For Defendant:*
Letitia James
Attorney General
New York State Office of the Attorney General
Peter A. McDaniel, Assistant Attorney General
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, Chief United States District Judge:**

MEMORANDUM-DECISION AND ORDER

**I.      INTRODUCTION**

On January 19, 2021, Plaintiff Cody A. Madonia commenced this action under 42 U.S.C. § 1983 alleging that Defendant Donald Moore, a New York State Police Investigator, conspired to violate Plaintiff's constitutional rights and subjected him to abuse of process and unreasonable search and seizure, in violation of the Fourth and Fourteenth Amendments. (Dkt. Nos. 1, 6). During discovery, Defendant noticed Plaintiff's deposition three times and not only did Plaintiff fail to appear but, following Defendant's third attempt, Plaintiff stated that he had no intention of

appearing for deposition at any point. (Dkt. No. 65, at 2). Presently before the Court is Defendant's motion to dismiss for failure to prosecute under Rules 37 and 41 of the Federal Rules of Civil Procedure. (Dkt. No. 67). Plaintiff has not responded. For the reasons set forth below, Defendant's motion is granted.

## II.     PROCEDURAL HISTORY

Plaintiff, represented by counsel, filed the Complaint on January 19, 2021. (Dkt. No. 1). On March 29, 2021, Plaintiff filed an Amended Complaint alleging false arrest, false imprisonment, malicious prosecution, violation of the right to due process of law, conspiracy to violate Constitutional Rights, abuse of process, and unreasonable search and seizure in violation of his Fourth and Fourteenth Amendments rights. (Dkt. No. 6). On February 24, 2022, the Court granted in part and denied in part Defendant's motion to dismiss under Rule 12(b)(6), dismissing all but Plaintiff's conspiracy, abuse of process, and search and seizure claims. (Dkt. No. 27). On March 30, 2022, Defendant filed an Answer. (Dkt. No. 33).

On April 12, 2022, Magistrate Judge Thérèse Wiley Dancks entered a Uniform Pretrial Scheduling Order, setting discovery and dispositive motion deadlines. (Dkt. Nos. 38, 39). However, on December 28, 2022, following the filing of a motion to withdraw by Plaintiff's counsel, Magistrate Judge Dancks ordered all deadlines stayed pending a decision on Plaintiff's counsel's motion to withdraw. (Dkt. No. 45; *see also* Dkt. No. 40 (motion to withdraw)).

On January 5, 2023, Magistrate Judge Dancks granted Plaintiff's counsel's motion to withdraw. (Dkt. No. 46). Magistrate Judge Dancks advised Plaintiff that he "ha[d] forty-five days . . . to notify the Court of his new attorney . . . or . . . that he [was] proceeding pro se." (*Id.*). Despite several extensions, (Dkt. Nos. 46, 49, 52, 57), Plaintiff failed to retain new counsel, and on July 5, 2023, noting that no attorney had appeared, Magistrate Judge Dancks entered a Text Order deeming Plaintiff "to be appearing pro se" and directing the Clerk of the Court "to send

Plaintiff a copy of the Pro Se Handbook and Notice." (Dkt. No. 59; *see also* Dkt. No. 60 (notice of service)). Magistrate Judge Dancks also reset the pretrial deadlines and ordered that discovery be completed by January 31, 2024. (Dkt. No. 59).

On January 8, 2024, just prior to the expiration of the discovery deadline, Defendants filed a letter request for sanctions pursuant to Rule 37 based on Plaintiff's repeated failure to appear for deposition. (Dkt. No. 61). Defendant explained that Plaintiff's deposition was first noticed for November 28, 2023, but on the day of the deposition, "Plaintiff informed counsel that he would not be attending his noticed deposition." (*Id.*, at 1). Defendant "paid the stenographer's cancellation fee" and "Plaintiff's deposition was rescheduled on consent for January 8, 2024." (*Id.*). On January 8, 2024, however, "Plaintiff again called and said he would not be appearing for his second noticed deposition." (*Id.*). Defendant was again "compelled to pay the stenographer's cancellation fee." (*Id.*). Based on Plaintiff's failure to appear for deposition twice, Defendant requested that the Court dismiss this action for failure to prosecute, or alternatively, extend the discovery deadline and issue a court order directing Plaintiff to appear for deposition. (*Id.*, at 1–2).

The following day, Magistrate Judge Dancks issued a Text Order denying Defendant's request for dismissal but extending the discovery deadline to February 29, 2024, and directing Defendant "to reschedule and re-notice plaintiff's deposition." (Dkt. No. 62). In the same Text Order, Magistrate Judge Dancks instructed Plaintiff that he was required to "appear and participate cooperatively at his deposition," and warned Plaintiff that "failure to appear for his deposition may result in sanctions including . . . dismissal of the action for failure to prosecute and failure to follow court orders and directives." (*Id.*).

3

On January 19, 2024, Defendant filed a status report attaching copies of emails between the parties attempting to schedule Plaintiff's deposition for February 27, 2024. (Dkt. No. 63).[1] On January 22, 2024, Magistrate Judge Dancks issued the following Text Order:

> [The] Court reviewed status report regarding rescheduling of plaintiff's deposition. The plaintiff's deposition is hereby Ordered to be completed on 2/27/2024 in the manner and at the place and time as noticed in the Third Notice of Deposition. Plaintiff's failure to appear for his deposition may result in sanctions including, but not limited to, assessment of monetary costs incurred by defendant and dismissal of the action for failure to prosecute and failure to follow Court orders and directives. Plaintiff's deposition may not be rescheduled without obtaining prior permission from the Court no later than 2/23/2024.

(Dkt. No. 64) (internal citation omitted).

On February 28, 2024, Defendant filed a status report indicating that Plaintiff failed to appear for the February 27, 2024 deposition:

> On February 27, 2024, ten minutes after the deposition began and the stenographer had already opened the record, Plaintiff . . . contacted counsel via telephone and indicated he had no intention of appearing for his deposition.
>
> In that phone conversation the Plaintiff indicated he had no intention of appearing for a deposition at any point, suggesting alternately that he had concerns about the safety of the Capitol and the law enforcement therein and his belief that there was an abuse of process to compel his deposition.

(Dkt. No. 65, at 2). In addition, Defendant noted that "[n]one of these issues" Plaintiff cited in the phone conversation "were raised when scheduling the deposition, and none were communicated to the Court prior to the Court's deadline for modifying the discovery schedule." (*Id*.). Defendant asserted that he "is entitled to depose the Plaintiff, Plaintiff has now canceled three depositions and is now willfully in contempt of this Court's Order." (*Id.*). "Based on the

---

[1] Defendant offered Plaintiff three dates for his deposition, including "February 287, 2024" (Dkt. No. 63-1, at 2). Plaintiff responded: "February 287 2024 works for me." (*Id.*, at 1). In reply, Defendant apologized for the typographical error, stated that the date "should have read February 27, 2024" and asked Plaintiff to confirm that "the 27th works" for him. (*Id.*). Plaintiff did not confirm; he responded with an obscenity and by calling defense counsel a "scumbag." (*Id.*).

foregoing," Defendant requested "permission from this Court to move to dismiss . . . pursuant to FRCP 37 for failure to prosecute, failure to follow Court orders and directives, and assessment of monetary costs incurred by Defendant to be recovered through sanctions." (*Id.*).

On February 29, 2024. Magistrate Judge Dancks issued a Text Order granting Defendant's request, (Dkt. No. 66), and on April 19, 2024, Defendant filed the present motion to dismiss for failure to prosecute, (Dkt. No. 67), which it served on Plaintiff by regular mail at his address of record, (Dkt. No. 70). On April 23, 2024, the Clerk of the Court mailed Plaintiff a "notice of due date to respond to motion," advising Plaintiff that Defendant had filed a motion to dismiss, and that any response must be filed by May 10, 2024. (Dkt. No. 69). Plaintiff failed to respond to Defendant's motion.

### III.   DISCUSSION

#### A.   Relevant Legal Standards

Under Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," a court may dismiss the action. Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). Moreover, the Second Circuit has stated that:

> [T]he involuntary dismissal is an important tool for preventing undue delays and avoiding docket congestion. But it is also one of the harshest sanctions at a trial court's disposal, since it usually extinguishes the plaintiff's cause of action and denies plaintiff his day in court. As a result, it is reserved for use only in the most extreme circumstances.

*U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004) (internal citation omitted). The Second Circuit has further stated that courts "should be especially hesitant to dismiss for procedural deficiencies where the failure is by a *pro se* litigant." *Hunter v. N.Y. State Dep't of Correctional Servs.*, 515 F. App'x 40, 42 (2d Cir. 2013) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)) (internal punctuation omitted).

5

When determining whether dismissal for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure is appropriate, courts must consider the following factors:

> whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*U.S. ex rel. Drake*, 375 F.3d at 254; *cf. Rodriguez v. Quality Auto. Servs., Inc.,* No. 21-cv-410, 2023 WL 5621031, at *3, 2023 U.S. Dist. LEXIS 155606, at *7–8 (E.D.N.Y. August 31, 2023) (considering the same factors for dismissal pursuant to Rule 37 as those applicable to Rule 41(b)). None of these factors is dispositive. *Lopez v. Smurfit-Stone Container Enter., Inc.*, 289 F.R.D. 103, 104–05 (W.D.N.Y. 2013).

Rule 37(d) of the Federal Rules of Civil Procedure provides that if an individual fails to appear at his own deposition after having received proper notice, the court may take various steps to sanction the disobedient party. Fed. R. Civ. P. 37(d)(1)(A)(i). Rule 37(d) cross references Rule 37(b)(2)(A)(v), which authorizes the court to dismiss an action for failure to comply with a discovery order. The imposition of sanctions under Rule 37 is within the discretion of the district court, and the sanction of dismissal is a harsh remedy to be used "only in extreme situations." *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990). Imposing such a severe sanction "is appropriate 'only when a court finds willfulness, bad faith, or any fault' by the non-compliant litigant." *Park v. Kim*, 91 F.4th 610, 612 (2d Cir. 2024) (quoting *Bobal*, 916 F.2d at 764). The party in question, particularly a *pro se* litigant, must have had prior notice that violation of the court's order would result in dismissal with prejudice. *Simmons v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995).

6

**B.     Analysis**

Considering these factors, the Court concludes that dismissal for failure to prosecute is warranted under the circumstances of this case. First, Plaintiff's willful failure to appear for deposition has delayed this action significantly: it has been pending for more than three years, Plaintiff has failed to appear for deposition three times, and has told Defendant's counsel that he does not ever intend to do so. (Dkt. No. 65).

Second, Magistrate Judge Dancks twice warned Plaintiff that his "failure to appear for his deposition may result in sanctions including . . . dismissal of the action." (Dkt. No. 62; *see also* Dkt. No. 64 (warning Plaintiff that "failure to appear for his deposition may result in . . . dismissal of the action)).

Third, Defendant has been prejudiced by Plaintiff's failure to prosecute this action. Not only has Defendant incurred the costs of canceling the court reporter, (*see* Dkt. No. 61, at 1 ("After this office paid the stenographer's cancellation fee, Plaintiff's deposition was rescheduled . . . Plaintiff again called and said he would not be appearing [and] [t]his office again has been compelled to pay the stenographer's cancellation fee."); Dkt. No. 67-1, ¶ 28 ("[A]fter the stenographer had gone on the record for the third noticed and scheduled deposition, Plaintiff called . . . to inform counsel that he did not intend to appear.")), but, more importantly, "Defendant cannot obtain the deposition and discovery he needs to defend this action," (Dkt. No. 67-4, at 8).

Fourth, while the Court is mindful of Plaintiff's *pro se* status and his right to be heard, because he has willfully failed to appear for deposition three times, including the Court-ordered third deposition on February 27, 2024, (Dkt. Nos. 62, 64), the Court finds that the need to alleviate calendar congestion outweighs Plaintiff's right to a day in court.

Fifth, where, as here, Plaintiff has indicated that he does not ever intend to appear for deposition, (Dkt. No. 65, at 2), the Court concludes that a sanction less than dismissal would be ineffective. Thus, having considered the relevant factors, as well as Plaintiff's status as a *pro se* litigant, the Court finds that dismissal is warranted.

## IV.  CONCLUSION

For these reasons, it is

**ORDERED** that Defendant's motion to dismiss for failure to prosecute (Dkt. No. 67) is **GRANTED**; and it is further

**ORDERED** that the Amended Complaint (Dkt. No. 6) is **DISMISSED with prejudice**; and it is further

**ORDERED** that the Clerk of the Court serve this Memorandum-Decision and Order in accordance with the Local Rules and close this case.

**IT IS SO ORDERED.**

Dated: June 24, 2024
       Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

8